```
     IN THE UNITED STATES DISTRICT COURT
   FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**ARTHUR BAXTER,**

      **Petitioner,**

**v.**                **//**    **CIVIL ACTION NO. 1:15CV211**
                                          **(Judge Keeley)**

**WARDEN SAAD, FCI Hazelton WV,**

      **Respondent.**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 22], DENYING THE PETITION [DKT. NO. 1] AND DISMISSING THE CASE WITH PREJUDICE**

On November 9, 2015, the pro se petitioner, Arthur Baxter ("Baxter"), filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Dkt. No. 1). Baxter, who is currently incarcerated at Federal Correctional Institution Estill, challenges the loss of good time credit and prior custody credit.[1] The questions presented in Baxter's petition include whether the Bureau of Prisons ("BOP") denied him good time credit in violation of his due process rights, and whether he is entitled to prior custody credit for time spent in federal custody awaiting trial on a writ of habeas corpus ad prosequendum.

On July 5, 2016, the Honorable Michael John Aloi, United States Magistrate Judge, filed a Report and Recommendation ("R&R"), in which he recommended that the Court deny the petition with prejudice (Dkt. No. 22). On July 20, 2016, Baxter objected to the

---

[1] At the time he filed his petition, Baxter was an inmate at Federal Correctional Institution Hazelton (Dkt. No. 1).

**BAXTER V. SAAD**                                                  **1:15CV211**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 22], DENYING THE PETITION [DKT. NO. 1] AND DISMISSING THE CASE WITH PREJUDICE**

R&R (Dkt. No. 24). For the reasons that follow, the Court **OVERRULES** Baxter's objections, **ADOPTS** the R&R, **DENIES** the petition, and **DISMISSES** the case **WITH PREJUDICE**.

## BACKGROUND[2]

On September 9, 1994, Baxter robbed a bank in Keyser, West Virginia. United States v. Baxter, 112 F.3d 510 (Table), 1997 WL 215536, at *1 (4th Cir. 1997). Less than one month later, on October 1, 1994, the State of Maryland arrested him for various state offenses, including a sex offense, illegal possession of a pistol, and resisting arrest (Dkt. No. 15-1 at 2; Dkt. No. 1-2 at 5). On November 9, 1994, the District Court for Baltimore County, Maryland, sentenced Baxter to one year of imprisonment in Case No. 4C00018827 (Dkt. No. 15-1 at 2). On April 25, 1995, the Circuit Court for Baltimore County sentenced him to two concurrent terms of three years of imprisonment in Case No. 95-CR-006. Id. All of Baxter's Maryland sentences ran concurrently and commenced on October 2, 1994, the day after his arrest.

---

[2] As in the R&R, this background information comes from Baxter's criminal cases in this Court, the Circuit Court for Baltimore County, and the District Court for Baltimore County (Dkt. No. 22 at 2, n.2-4).

**BAXTER V. SAAD**                                                    **1:15CV211**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 22], DENYING THE PETITION [DKT. NO. 1] AND DISMISSING THE CASE WITH PREJUDICE**

On May 4, 1995, while Baxter was in Maryland's custody, a federal grand jury in this District indicted him on one count of armed bank robbery (Case No. 2:95CR8, Dkt. No. 1). On May 19, 1995, he was transferred into federal custody pursuant to a writ of habeas corpus ad prosequendum (Dkt. No. 15-1 at 10). On October 31, 1995, a jury convicted Baxter of armed bank robbery. The Court sentenced him to 300 months of imprisonment on May 22, 1996 (Case No. 2:95CR8, Dkt. No. 47).[3] The Judgment and Commitment Order, however, did not specify whether Baxter's federal sentence would run concurrently with or consecutively to his state sentences. Id.

Baxter was returned to Maryland's custody on May 31, 1996 (Dkt. No. 15-1 at 12). On August 18, 1997, Maryland released him to mandatory supervision, following which he came into the exclusive custody of the BOP (Dkt. No. 15-1 at 11; Dkt. No. 20). The BOP then calculated Baxter's federal sentence to begin on August 18, 1997, with one day of credit on October 1, 1994, to account for the day of his arrest in Maryland (Dkt. No. 15-1 at

---

[3] Baxter appealed his conviction and sentence, which the United States Court of Appeals for the Fourth Circuit affirmed on May 1, 1997. United States v. Baxter, 112 F.3d 510 (Table), 1997 WL 215536, at *1 (4th Cir. 1997).

**BAXTER V. SAAD**                                              **1:15CV211**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 22], DENYING THE PETITION [DKT. NO. 1] AND DISMISSING THE CASE WITH PREJUDICE**

7).[4]  Maryland gave Baxter credit for all the time he served between October 2, 1994 and August 17, 1997.  Id. at 20.

On October 17, 2011, Baxter filed a motion in this Court seeking credit against his federal sentence for the time he spent in Maryland's custody (Case No. 2:95CR8, Dkt. No. 95).[5]  He alleged that inmates in Maryland are only required to serve an average of 66% of their sentences, and contended that, because he was transferred into federal custody on a writ of habeas corpus ad prosequendum to stand trial on the bank robbery charge, he actually served 2 years and 10 months on his Maryland convictions.  Id. at 2.  According to Baxter, Maryland failed to credit him for the time he spent in federal custody, approximately 12 months, and that this Court therefore should decrease his federal sentence by that amount of time.  Id.  The Honorable John Preston Bailey, United States District Judge, denied Baxter's motion on October 27, 2011, finding

---

[4] The State of Maryland began Baxter's sentences on October 2, 1994, and did not credit him for October 1, 1994.

[5] On March 30, 1998, Baxter filed a Motion for to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (Case No. 2:95CR8, Dkt. No. 67).  The Court denied his motion on August 14, 2001 (Case No. 2:95CR8, Dkt. No. 69).  Baxter appealed that decision on July 14, 2006, but the Fourth Circuit dismissed his appeal as untimely (Case No. 2:95CR8, Dkt. No. 78).  Baxter later filed a motion for leave to file a successive § 2255 motion (Case No. 2:95CR8, Dkt. No. 99), which the Court denied (Case No. 2:95CR8, Dkt. No. 100).

BAXTER V. SAAD                                                        1:15CV211

 ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 22], DENYING
THE PETITION [DKT. NO. 1] AND DISMISSING THE CASE WITH PREJUDICE

that Maryland had credited Baxter for the time spent in temporary federal custody pending trial (Dkt. No. 97 at 3).

On November 9, 2015, Baxter filed the instant § 2241 petition, in which, among others, he contended that he was unlawfully denied 14 days of good conduct time during a disciplinary hearing, and that the BOP denied him credit for approximately one year spent in federal custody pending trial from May, 1995 to June, 1996 (Dkt. No. 1 at 5-6). Finally, Baxter argues that the BOP denied him access to the courts and discriminated against him and other inmates who have functioned as informants. Id.

On January 12, 2016, the respondent, Warden Jennifer Saad ("Saad"), moved to dismiss Baxter's petition, or for summary judgment on his claims (Dkt. No. 14). Baxter responded to Saad's motion on February 1, 2016, opposing dismissal of his first two claims, but offering to withdraw his third claim regarding the conditions of his confinement (Dkt. No. 18).

On July 5, 2016, Magistrate Judge Aloi issued his R&R, in which he recommended denying the petition and dismissing the case with prejudice (Dkt. No. 22). The R&R found that Baxter was not entitled to prior custody credit under the "abuse of the writ" doctrine because he had raised the same argument previously in his 2011 motion. Id. at 8-9. It also recommended upholding Baxter's

**BAXTER V. SAAD**                                                  **1:15CV211**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 22], DENYING THE PETITION [DKT. NO. 1] AND DISMISSING THE CASE WITH PREJUDICE**

loss of good time credit for the reason that the BOP provided him with adequate due process.  <u>Id.</u> at 9–13.  Baxter objected to the R&R on July 20, 2016 (Dkt. No. 24), contending that it is "wholely [sic] erroneous."  The matter is now fully briefed and ripe for disposition.

## STANDARD OF REVIEW

### I. Review of the R&R

On review of a magistrate judge's R&R pursuant to 28 U.S.C. § 636, a court reviews <u>de novo</u> only those portions of the R&R to which timely objection has been made.  28 U.S.C. § 636(b)(1)(C).  Courts will uphold those portions of a recommendation as to which no objection has been made unless they are "clearly erroneous."  <u>See</u> <u>Diamond v. Colonial Life & Accident Ins. Co.</u>, 416 F.3d 310, 315 (4th Cir. 2005).  Because Baxter objected to the R&R, the Court will review the R&R <u>de novo</u>.

### II. Pro Se Pleadings

Because Baxter is acting <u>pro se</u>, the Court must liberally construe his pleadings.  <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976); <u>Loe v. Armistead</u>, 582 F.2d 1291, 1295 (4th Cir. 1978).  A <u>pro se</u> complaint is subject to dismissal, however, if the Court cannot reasonably read the pleadings to state a valid claim on

6

**BAXTER V. SAAD**                                                    **1:15CV211**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 22], DENYING THE PETITION [DKT. NO. 1] AND DISMISSING THE CASE WITH PREJUDICE**

which the plaintiff could prevail. Barnett v. Hargett, 174 F.3d 1128, 1133 (10th Cir. 1999). A court may not construct the plaintiff's legal arguments for him, nor should it "conjure up questions never squarely presented." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. Motion to Dismiss

In reviewing the sufficiency of a complaint under Fed. R. Civ. P. 12(b)(6), a district court must accept the factual allegations in the complaint as true. Zak v. Chelsea Therapeutics Intern., Ltd., 780 F.3d 597, 601 (4th Cir. 2015). While a complaint does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Indeed, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

In considering whether the facts alleged are sufficient, "a complaint must contain 'enough facts to state a claim to relief that is plausible on its face.'" Anderson v. Sara Lee Corp., 508 F.3d 181, 188 (4th Cir. 2007)(quoting Twombly, 550 U.S. at 547).

**BAXTER V. SAAD** 1:15CV211

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 22], DENYING THE PETITION [DKT. NO. 1] AND DISMISSING THE CASE WITH PREJUDICE**

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). This requires "more than a sheer possibility that a defendant has acted unlawfully." Id. Dismissal under 12(b)(6) is appropriate if the face of the complaint "clearly reveals the existence of a meritorious affirmative defense." Occupy Columbia v. Haley, 738 F.3d 107, 116 (4th Cir. 2013)(quoting Brockington v. Boykins, 637 F.3d 503, 506 (4th Cir. 2011)(internal citations omitted)).

## IV. Motion for Summary Judgment

Summary judgment is appropriate where the "depositions, documents, electronically stored information, affidavits or declarations, stipulations . . ., admissions, interrogatory answers, or other materials" show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed R. Civ. P. 56(c)(1)(A), (a). When ruling on a motion for summary judgment, the Court reviews all the evidence "in the light most favorable" to the nonmoving party. Walker v. Mod-U-Kraf Homes, LLC, 775 F.3d 202, 207 (4th Cir. 2014). The Court must avoid weighing the evidence or determining the truth and

**BAXTER V. SAAD**                                                  **1:15CV211**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 22], DENYING THE PETITION [DKT. NO. 1] AND DISMISSING THE CASE WITH PREJUDICE**

limit its inquiry solely to a determination of whether genuine issues of triable fact exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

The moving party bears the initial burden of informing the Court of the basis for the motion and of establishing the nonexistence of genuine issues of fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has made the necessary showing, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. at 256 (internal quotation marks and citation omitted). The "mere existence of a scintilla of evidence" favoring the nonmoving party will not prevent the entry of summary judgment; the evidence must be such that a rational trier of fact could reasonably find for the nonmoving party. Id. at 248–52.

## LEGAL ANALYSIS

Inasmuch as Baxter has conceded that his claim alleging improper treatment of inmates at FCI Hazelton is not cognizable in a § 2241 petition (Dkt. No. 18 at 6; Dkt. No. 24 at 1), the Court **GRANTS** his request to withdraw this claim and deems it withdrawn.

**BAXTER V. SAAD**                                                    **1:15CV211**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 22], DENYING THE PETITION [DKT. NO. 1] AND DISMISSING THE CASE WITH PREJUDICE**

Baxter's two remaining claims involve good time credit and credit for time served. Having considered evidence filed both by Baxter and Saad that is outside of the pleadings, the Court **CONSTRUES** Saad's motion as one for summary judgment. Fed. R. Civ. P. 12(d).

## I. Good Time Credit

According to Baxter, he was denied due process at an institutional disciplinary hearing at Federal Correctional Institute Victorville, which led to the loss of 14 days of good time credit (Dkt. No. 1 at 5). Allegedly, when he was directed to leave the special housing unit ("SHU") and return to the general population, he refused because an inmate as to whom he had a separation order, L.J., was housed in the general population. Id. This led Baxter to fear that his life would be in jeopardy if he followed the order and he therefore refused. Id. Baxter contends that the disciplinary hearing officer ("DHO") did not consider all of the facts, and that his due process rights were violated. See id. at 5–6.

While prisoners retain rights under the Due Process Clause of the United States Constitution, they are not afforded the "full panoply of rights" owed to a defendant during a criminal

**BAXTER V. SAAD**                                                  **1:15CV211**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 22], DENYING THE PETITION [DKT. NO. 1] AND DISMISSING THE CASE WITH PREJUDICE**

prosecution. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In Wolff, the Supreme Court of the United States outlined due process requirements for prison disciplinary proceedings. These include: (1) written notice of the charges at least 24 hours before the inmate's appearance in front of the disciplinary board; (2) a written statement by prison disciplinary officials describing the evidence relied upon and reasons for any disciplinary action; (3) calling witnesses and presenting evidence unless it would be unduly hazardous to institutional safety or correctional goals; (4) if the inmate is illiterate or the hearing involves a complex matter, the inmate must have the opportunity for assistance by a non-attorney representative; and (5) an impartial decision-maker. Id. at 564-71. Due process is satisfied so long as "some evidence" supports the decision of the prison disciplinary board to revoke good time credits. Superintendent, Mass. Corr. Inst., Walpole v. Hill, 472 U.S. 445, 455 (1985).

The incident report indicates that the reporting officer told Baxter to return to the general population, an order Baxter concedes he refused to follow (Dkt. No. 15-2 at 5). The reporting officer then gave Baxter "a direct order to prepare" to return to general population, but he again refused. Id. Baxter declined to make any comment to the reporting officer about the incident. Id.

**BAXTER V. SAAD**                                                    **1:15CV211**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 22], DENYING THE PETITION [DKT. NO. 1] AND DISMISSING THE CASE WITH PREJUDICE**

The Unit Disciplinary Committee ("UDC") referred the incident to the DHO and recommended that Baxter lose commissary privileges and receive disciplinary segregation. Id. Baxter received a copy of his inmate rights and a notice of disciplinary hearing on January 22, 2014. Id. at 8, 10. At the disciplinary hearing on January 30, 2014, Baxter waived his right to a staff representative, declined to call any witnesses, did not submit documentary evidence, and essentially admitted to the charge, stating "I'm not going out [of the SHU]." Id. at 12-13. Although Baxter had originally been charged with refusing to obey an order, at the disciplinary hearing he consented to having that charge amended to one of refusing to accept a work or program assignment "to [better] support the description of the incident." Id. at 13.

The DHO found that Baxter had committed the prohibited offense of refusing to accept any work or program assignment, disallowed 14 days of good conduct time, and impounded his personal property for 14 days. Id. at 13. It advised Baxter of his appellate rights and provided him with a copy of the report. Id. at 14. Baxter later appealed, but the Central Office denied his appeal, allegedly without discussing the issue (Dkt. No. 1 at 5).

Baxter does not deny refusing to obey an order; rather, he contends that his life would have been endangered had he complied

12

**BAXTER V. SAAD**                                                      **1:15CV211**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 22], DENYING THE PETITION [DKT. NO. 1] AND DISMISSING THE CASE WITH PREJUDICE**

with it (Dkt. No. 1 at 5).  In response, Saad avers that the Special Investigative Service ("SIS") at the prison conducted a threat assessment to determine whether Baxter needed to remain in the SHU for his own safety, and concluded that no credible information supported Baxter's request for protective custody (Dkt. No. 15-2 at 8).

The record — undisputed by Baxter — reflects that he received the process due under Wolff.  First, he received written notice of the charges against him on January 22, 2014, eight days before the hearing.  Second, he received a written statement after the hearing explaining the evidence and the reasons for the disciplinary action.  Third, he was given the opportunity to call witnesses and present evidence.  Fourth, he was given the opportunity to use a non-attorney representative.  Finally, the DHO was an impartial decision-maker.  See Wolff, 418 U.S. at 564–71.

In his objections, Baxter implies that he was not given the opportunity to call as a witness a certain SIS agent, but he has proffered no evidence to create a genuine dispute of material fact on this issue.  Rather, the uncontroverted record reflects he was given the opportunity to call witnesses (Dkt. No. 15-2 at 10, 12). That he now regrets declining to do so does not entitle him to habeas relief.

**BAXTER V. SAAD**                                                    **1:15CV211**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 22], DENYING THE PETITION [DKT. NO. 1] AND DISMISSING THE CASE WITH PREJUDICE**

Baxter also complains that his charge was altered from refusing to obey an order to refusing to accept any work or program assignment (Dkt. No. 24 at 2-3). He fails to explain how this change, which occurred with his consent, violated his due process rights.

In sum, Baxter focuses on the extreme danger to his life that he contends would have existed had he returned to the general population (Dkt. No. 24 at 3). Even assuming the allegedly dire nature of his predicament, particularly given his status as a cooperator, the Court is not compelled to rule in Baxter's favor. Having considered all the evidence, including Baxter's own statements, there is "some evidence" — indeed, it is overwhelming evidence — supporting the DHO's decision to revoke Baxter's good time credits. Furthermore, the BOP provided Baxter with adequate procedural due process, thus entitling Saad to summary judgment on that claim.

## II. Credit for Time Served

Baxter next argues that the BOP unlawfully denied him credit for the one year he spent in federal custody pending trial (Dkt. No. 1 at 6). He contends that Maryland would have released him on August 4, 1996, but because he was in federal custody it did not

14

**BAXTER V. SAAD**                                                        **1:15CV211**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 22], DENYING THE PETITION [DKT. NO. 1] AND DISMISSING THE CASE WITH PREJUDICE**

credit him for that year. Id. Maryland subsequently released him to the federal detainer on August 18, 1997. Id.

Magistrate Judge Aloi recommended dismissing this claim because Baxter previously raised it in his 2011 motion for time served credit, and, alternatively, because it is an "abuse of the writ" (Dkt. No. 22 at 8). Baxter, however, never raised this particular claim in a previous habeas corpus proceeding. See, e.g., Valona v. United States, 138 F.3d 693, 695 (7th Cir. 1998) (noting that § 2244(a) bars successive petitions under § 2241 directed to the same issue). Similarly, the "abuse of the writ" doctrine is inapplicable inasmuch as Baxter had not filed a previous petition, and could not have filed a § 2241 claim until he came into custody in this judicial district. See Kuhlmann v. Wilson, 477 U.S. 436, 444 n.6 (1986) (noting that abuse of the writ is available when the prisoner files a petition raising grounds that were available, but not relied upon, in a prior petition); 28 U.S.C. § 2241(a). Nevertheless, Baxter's claim is unavailing for the reason articulated by Judge Bailey in his 2011 Order: Maryland in fact credited Baxter for this time served.

The crux of Baxter's argument, that Maryland generally releases offenders who serve 66% of their sentence, may appear logical at first blush. Baxter served 2 years and 10 months on a

**BAXTER V. SAAD**                                                              **1:15CV211**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 22], DENYING THE PETITION [DKT. NO. 1] AND DISMISSING THE CASE WITH PREJUDICE**

three-year sentence, far longer than 66%. Furthermore, during those 2 years and 10 months, Baxter was writted out for prosecution in this Court. Thus, following Baxter's argument, Maryland must have failed to credit Baxter for the year he spent in federal custody; otherwise he would have been released earlier. After carefully examining the relevant facts, however, it is clear that Baxter's argument is fatally flawed, and that Maryland did credit him for that year of custody.

A Court first must determine when a federal prisoner's sentence commenced. Binford v. United States, 436 F.3d 1252, 1254 (10th Cir. 2006). It then must consider whether a defendant can receive credit for time spent in custody prior to the commencement of the sentence. Through the Federal Bureau of Prisons, the Attorney General is responsible for computing federal terms of imprisonment. United States v. Wilson, 503 U.S. 329 (1992).

A sentence commences "on the date the defendant is received in custody awaiting transportation to . . . the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). The defendant must be given credit for any time he spent in official detention prior to the date his sentence commences under either of two circumstances: (1) "as a result of the offense for which the sentence was imposed"; or (2) "as a result of any

16

**BAXTER V. SAAD**                                                    **1:15CV211**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 22], DENYING THE PETITION [DKT. NO. 1] AND DISMISSING THE CASE WITH PREJUDICE**

other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence." 18 U.S.C. § 3585(b).

Here, Baxter's federal sentence commenced on August 18, 1997, when he was released to a federal detainer (Dkt. No. 15-1 at 10, 20). Although, from May 19, 1995, to May 31, 1996, Baxter was temporarily in federal custody on a writ of habeas corpus <u>ad prosequendum</u> (Dkt. No. 15-1 at 10), as Judge Bailey concluded, that time was credited toward his Maryland sentences. <u>Id.</u> at 20. Baxter's Judgment and Commitment Order in his federal case never directed that his federal sentence be run concurrently with his state sentences. <u>Id.</u> at 14-15. <u>See</u> 18 U.S.C. § 3584(a) (providing that multiple terms of imprisonment imposed at different times run <u>consecutively</u> unless the court orders that the terms are to run concurrently).

It is unclear why Maryland chose to incarcerate Baxter longer than the percentage of time he alleges inmates usually serve. Maryland credits inmates for good conduct, performing work tasks, progress in vocational or educational courses, and special work projects. <u>See</u> <u>Sec'y, Dep't of Public Safety and Corr. Serv. v. Henderson</u>, 718 A.2d 1150, 1151 (Md. 1998). An inmate can accrue a

**BAXTER V. SAAD** 1:15CV211

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 22], DENYING THE PETITION [DKT. NO. 1] AND DISMISSING THE CASE WITH PREJUDICE**

certain number of days of good conduct credits per month. See id. at 1151–52. At the end of an inmate's "effective sentence," he is released on "mandatory supervision," which is "a conditional release from imprisonment." Id. at 1152 (quoting MD. CODE ANN., CORR. SERVS.§ 4-501(13) (internal quotation marks omitted)). An inmate on mandatory supervision "remain[s] in legal custody until expiration of [his] full term. . . ." Id. Baxter has produced no evidence — and the Court, after careful review, is unable to find any — that Maryland somehow miscalculated his good conduct credit, thereby delaying his release on mandatory supervision.

Maryland's mandatory release regime does not support Baxter's argument that inmates have an absolute entitlement to release after serving 66% of their sentences. See MD. CODE REGS. 12.08.01.13 (2016) ("A prisoner may shorten the period of his incarceration . . . if he maintains a satisfactory institutional adjustment." (emphasis added)). Maryland metes out good conduct diminution credits at the beginning of an inmate's term of imprisonment. MD. CODE ANN., CORR. SERVS. § 3-704(a). Thus, even had Baxter been entitled to an earlier release date at one point in time, he could have lost his credit for various reasons. For example, the Division of Correction may revoke some or all of those credits if an inmate violates the rules of discipline. See id. at § 3-709(a).

**BAXTER V. SAAD**  1:15CV211

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 22], DENYING THE PETITION [DKT. NO. 1] AND DISMISSING THE CASE WITH PREJUDICE**

Aside from mere suspicion, Baxter has failed to provide the Court with any evidence that Maryland misapplied the mandatory release statute or improperly revoked his good conduct credits. To the contrary, all of the evidence before the Court supports the conclusion that Maryland properly applied its statute. Because Maryland credited Baxter for the time he spent in temporary federal custody, the Court cannot credit that time against his federal sentence. 18 U.S.C. § 3585(b). Saad is therefore entitled to summary judgment on Baxter's second claim.

## CONCLUSION

After careful consideration of the record, for the reasons discussed, the Court **ADOPTS** the R&R (Dkt. No. 22), **OVERRULES** Baxter's objections (Dkt. No. 24), **GRANTS** the Saad's motion for summary judgment (Dkt. No. 14), **DENIES** Baxter's petition (Dkt. No. 1), and **DISMISSES** the case **WITH PREJUDICE**.

It is so **ORDERED**.

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 22], DENYING THE PETITION [DKT. NO. 1] AND DISMISSING THE CASE WITH PREJUDICE**

The Court **DIRECTS** the Clerk to transmit copies of this Order to counsel of record and the pro se petitioner, return receipt requested, to enter a separate judgment order, and to remove this case from the Court's active docket.

DATED:  August 2, 2016.


                                    /s/ Irene M. Keeley
                                    IRENE M. KEELEY
                                    UNITED STATES DISTRICT JUDGE